IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE A. CALIX-CHAVARRIA,** | : | |
| Plaintiff | : | CIVIL NO. 1:CV-06-0820 |
| v. | : | (Judge Rambo) |
| **ALBERTO GONZALEZ,** *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

I. **Introduction**

Plaintiff, Jose A. Calix-Chavarria, a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") at the York County Prison in York, Pennsylvania, commenced this action in the United States District Court for the District of New Jersey ("NJ District Court"). At that time, Plaintiff also filed an application to proceed *in forma pauperis* (Doc. 1-8). Subsequently, by order dated April 13, 2006 (Doc. 1, Att. 17), the NJ District Court ordered the case transferred to this court. Thereafter, Plaintiff filed a motion to stay deportation (Doc. 2). Defendants are: (1) United States Attorney General Alberto Gonzales; (2) Secretary of the United States Department of Homeland Security Michael Shertoff (sic); ICE Director of the

Philadelphia District Thomas Decker; and (4) York County Prison Warden Thomas Hogan.

Although Plaintiff's initial filing (Doc. 1, Att. 2) was construed by the NJ District Court as a petition for writ of habeas filed pursuant to the provisions of 28 U.S.C. § 2241, since it relates to allegations of unlawful detention by ICE, this court will construe the document as a *Bivens*[1] civil rights complaint.

## II. Background

The following facts are set forth in a prior habeas petition filed by Plaintiff in this court. *See Chavarria v. ICE*, No. 1:CV-05-2418 slip op. at *2 (M.D. Pa. April 26, 2006) (Rambo, J.). Plaintiff, a native and citizen of Honduras, entered the United States on July 11, 1990, as an immigrant. On August 26, 2002, Plaintiff was convicted for the offense of delivery of cocaine. As a result of his conviction, ICE sought Plaintiff's removal from the United States, and he was detained pending the conclusion of removal proceedings. Plaintiff sought relief from removal, claiming that he has derivative citizenship by virtue of his mother's naturalization. On July 13,

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

2004, an Immigration Judge located in York, Pennsylvania, found that Plaintiff did not qualify for relief from removal, and he was ordered removed from the United States to Honduras.  The decision was affirmed on appeal.

In the instant case, Plaintiff alleges that he was illegally detained by ICE during[2] the removal proceedings, in violation of his Constitutional rights.  He seeks monetary damages of $810,000,000.00 for the "False Incarceration And the Constitutional Right's (sic) Violation," together with such other relief the court deems appropriate.  (Doc. 1, Att. 2 at 19.)  Additionally, Plaintiff seeks a stay of his deportation.  (Doc. 2.)  For the following reasons, Plaintiff's motion for stay of deportation will be denied, his motion for leave to proceed *in forma pauperis* will be granted for the purpose of filing his complaint, and the complaint will be dismissed, without prejudice, under 28 U.S.C. § 1915.

III. **Discussion**

   A. **Parties Proceeding *In Forma Pauperis***

The Prison Litigation Reform Act ("PLRA") established new obligations for persons who file civil rights actions in federal court and seek to proceed *in forma*

---

[2]Although Plaintiff was detained by ICE when he initiated this action, he was subsequently released on bond.  *See Chavarria v. ICE*, No. 1:CV-05-2418 slip op. at *3 (M.D. Pa. April 26, 2006) (Rambo, J.)

*pauperis*. Under the provisions of Section 1915 of the PLRA, the court is required to dismiss the case at any time "if the court determines that . . . (B) the action . . . (i) is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i). This provision applies equally to cases that are factually frivolous and those that are legally frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

An action is legally frivolous if it is based upon an indisputably meritless legal theory. *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law. . . ." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)). "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Although the Court is mindful that *pro se* complaints are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002). Since Plaintiff's claim lacks an arguable basis in law, the

4

complaint is legally frivolous and it is subject to *sua sponte* dismissal under § 1915(e)(2)(B)(i).

      **B.**    <u>**Claim Preclusion Under *Heck***</u>

Plaintiff's claim is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), and amendment of the pleading will not salvage the document. In *Heck*, the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Plaintiff's complaint asserts that ICE illegally detained him while his removal proceedings were pending. However, this court has previously held that Plaintiff's ICE detention was not improper during removal proceedings. *See Chavarria v. ICE*, No. 1:CV-04-1996 slip op. at *3 (M.D. Pa. July 15, 2005) (Rambo, J.). Although Plaintiff was subsequently released from ICE custody, his release resulted pursuant to a notice of custody determination by ICE, dated December 1, 2005 (*see Chavarria v. ICE*, No. 1:CV-05-2418 slip op. at *3

5

(M.D. Pa. April 26, 2006) (Rambo, J.)), and nothing in the record supports a conclusion that the propriety of his prior detention has been successfully challenged. Since the success of the instant claim relies upon the impropriety of Plaintiff's detention by ICE, *Heck* precludes a cause of action until the propriety of detention has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Accordingly, Plaintiff's complaint is barred by *Heck*, and it will be summarily dismissed, without prejudice.

### C. Stay of Removal

Also pending is Plaintiff's motion for stay of deportation.  Since Plaintiff fails to satisfy the standard for issuance of a stay of removal, his motion will be denied.  In *Douglas v. Ashcroft*, the United States Court of Appeals for the Third Circuit joined the "First, Second, and Sixth Circuits in holding that the proper standard of review for motions to stay removal is the traditional four-part test for adjudicating motions for preliminary injunction . . . ." 374 F.3d 230, 234 (3d Cir. 2004).  Consequently, to obtain a stay Plaintiff must demonstrate (1) a likelihood of success on the merits of the underlying action; (2) that irreparable harm would occur if the stay is not granted; (3) that the potential harm to the moving party outweighs the harm to the opposing

party if a stay is not granted; and (4) that the granting of the stay would serve the public interest.  *Id*. at 233.

Since Plaintiff's complaint will be summarily dismissed, there is little or no likelihood of success on the underlying claim.  Further, the court is unaware of any harm that would ensue with Plaintiff's removal from the United States.  Further, prevention of Plaintiff's removal by Defendants pursuant to a final removal order would occasion harm upon Defendants in their efforts to enforce immigration laws.  Moreover, the interests of society are served by implementation and enforcement of final removal orders.  Thus, the court finds that Plaintiff has failed to satisfy the four-part test for a stay of removal, and the motion will be denied.

**IV.   Conclusion**

Since the court concludes that the complaint is precluded under the holding in *Heck*, Plaintiff's complaint will be summarily dismissed.  Further, since Plaintiff has failed to fulfill the requirements for a stay of removal, his motion for stay will be denied.  An appropriate order will issue.

                                                    s/Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge

Dated:  June 22, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE A. CALIX-CHAVARRIA,** | : | |
| | : | |
| **Plaintiff** | : | CIVIL NO. 1:CV-06-0820 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **ALBERTO GONZALEZ,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

**AND NOW**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's application to proceed *in forma pauperis* (Doc. 1-8) is construed as an application to proceed without prepayment of fees and costs, and the application is **GRANTED** for the limited purpose of filing this action.

2) Plaintiff's complaint (Doc. 1, Att. 2) is **DISMISSED** under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

3) Plaintiff's motion for stay of deportation (Doc. 2) is **DENIED**.

4) The Clerk of Court is directed to **CLOSE** this case.

5) Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

s/Sylvia H. Rambo<br>SYLVIA H. RAMBO<br>United States District Judge

Dated: June 22, 2006.